UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Case 1:13-cv-11078-RGS

UNITED STATES OF AMERICA

v.

SCOTT G. BAKER, et al.

RULING ON GOVERNMENT'S MOTION
FOR PARTIAL RECONSIDERATION

October 23, 2015

STEARNS, D.J.

The Motion for Partial Reconsideration Prior to Entry of Final Judgment (Dkt. # 95) is <u>DENIED</u>. The court did not find the lien tracing theory simply moot, as the government contends. Rather, the court found that unlike in *Associates Fin. Services of Am. v. Lawson*, 2004 WL 1614874 (D. Mass. July 19, 2004), the government in this case relied primarily upon, and therefore directed its proof to, a claim of fraudulent transfer by Scott Baker. *See* FF&RL at 30. While the court acknowledged the "attenuated" and "rarified" theory of lien tracing as legally "plausible," it found that the theory did not squarely fit the facts established at trial, and consequently the theory was not adopted. *Id.* at n.20.

1

The government bases its present motion to reconsider on S. Baker's and R. Baker's testimony that S. Baker would (when he was able) give R. Baker funds (sometimes by way of a check, other times in cash) to apply to the mortgage on the Hingham Property. R. Baker also testified that in the months when she did not receive money from S. Baker, she would pay the mortgage with her own funds.

I agree with R. Baker that for the lien tracing theory to be viable the government has the burden of showing with particularity the sums transferred by S. Baker to which the tax liens attach. While I would not hold the government to the level of precision that R. Baker advocates, I do not find the equivocal testimony of the Bakers by itself sufficient to satisfy the government's burden in a lien tracing context. This is especially the case in light of the court's ultimate finding that neither of the Bakers proved to be credible witnesses, "at least insofar as their financial interests are concerned." FF&RL at 38.

      SO ORDERED.

      /s/ Richard G. Stearns_____
      UNITED STATES DISTRICT JUDGE